**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Bellarmino Ayala Rodriguez

                    Plaintiff,

v.                                                    Case No.: 1:25–cv–13322
                                                      Honorable John F. Kness

Todd M. Lyons

                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, July 31, 2026:

        MINUTE entry before the Honorable John F. Kness: Before the Court is Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1). Petitioner is currently in the custody of Immigration and Customs Enforcement. (*Id.* at 2.) According to Respondents, 8 U.S.C. § 1225(b)(2)(A) gives Respondents the authority to detain Petitioner as an applicant for admission without a bond hearing. (Dkt. 8–1 at 1421.) Petitioner contends that this misapplies the Immigration and Nationality Act, which would afford Petitioner a bond hearing under 8 U.S.C. § 1226(a). (Dkt. 9 at 34.) Although this issue has led to a split of authority between the circuits, a divided panel of the Seventh Circuit yesterday resolved the issue for present purposes in *Cirrus–Rojas v. Olson et al.*, No. 25–3127 (7th Cir. July 30, 2026). As the Seventh Circuit explained, Section 1225 applies to applicants for admission who take affirmative action to seek admission. *Id.* at 1316. Designation as an applicant for admission does not inherently mean that the designee is affirmatively seeking admission. *Id.* As a result, those who are not actively seeking admission must be detained under 8 U.S.C. § 1226(a) and afforded an individualized bond hearing. *Id.* at 38. Because Petitioner here is present in the United States without admission and has not taken any action to affirmatively seek admission, the Petition for a Writ of Habeas Corpus (Dkt. 1) must be granted by virtue of the *Cirrus–Rojas* precedent (even if the appellate mandate in that case has not yet issued and despite that the Supreme Court may ultimately resolve the issue differently). Respondents are thus ordered to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) by 8/7/2026. A status report on progress of the bond hearing is due on 8/10/2026. Enter separate final judgment order. Civil case terminated. Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.